## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:   VIPER SERVICES, LLC,                                          No. 15-11259-j11

      Debtor.

---

VIPER SERVICES, LLC,

      Plaintiff,

v.                                                                   Adversary No. 17-1010-j

FORA FINANCIAL BUSINESS LOANS,
LLC,

      Defendant.

## <u>MEMORANDUM OPINION</u>

On September 26, 2017, the Court entered an order dismissing Viper Services, LLC's

chapter 11 bankruptcy case. *See* Case No. 15-11259-j11 ("Chapter 11 Case") – Docket No. 263.

No motion has been filed seeking dismissal of this adversary proceeding. At a status conference

the Court scheduled *sua sponte* and held in this adversary proceeding on October 16, 2017, the

Court requested simultaneous briefing regarding the effect of the dismissal of the related Chapter

11 bankruptcy case on this adversary proceeding.[1] After considering the parties' briefs,

applicable statutes, and relevant case law, the Court concludes that dismissal of the related

chapter 11 bankruptcy case, absent a finding of "cause," moots Viper Services, LLC's preference

action asserted against Fora Financial Business Loans, LLC ("FFBL") in this adversary

proceeding.

---

[1] The Court set the status conference *sua sponte* in furtherance of its duty to examine its subject matter jurisdiction when jurisdiction is in doubt.

FACTS AND PROCEDURAL HISTORY

Viper Services, LLC ("Viper") filed a voluntary petition under chapter 11 of the

Bankruptcy Code on May 14, 2015. *See* Chapter 11 Case – Docket No. 1. Viper confirmed its

amended Chapter 11 plan of reorganization on May 5, 2016. *See* Chapter 11 Case – Docket No.

230. The order confirming Viper's Chapter 11 plan includes the following provisions:

> J. The Court retains jurisdiction of this chapter 11 proceeding and over all adversary proceedings, contested matters, and other matters or proceedings arising in or in connection with this matter including, without limitation jurisdiction to:
>
>> e. Hear and determine all adversary proceedings still pending and not dismissed, or which are hereinafter filed to determine disputed matters not disposed of by the Plan, but which relate to the Plan;
>>
>> g. Hear and determine any and all applications, adversary proceedings, and other matters arising out of or related to the Plan but not limited to actions under 11 U.S.C. §§ 506, 542, 543, 544, 545, 547, 548, 549, 550, or 553.
>
> Order Confirming Debtor's Amended Plan of Reorganization Dated February 29, 2016 ("Confirmation Order") – Chapter 11 Case, Docket No. 230.

Debtor's Amended Plan of Reorganization dated February 29, 2016 ("Plan") fixed an effective

date of the "fourteenth day after the date of entry of the Confirmation Order," and discharged

Viper from all pre-petition debts on confirmation, subject to the occurrence of the effective date.

Plan, ¶¶ 8.02 and 9.01 – Chapter 11 Case, Docket No. 180. The Plan also vested all property in

the reorganized debtor, "including causes of action for recover of preferences" on the effective

date. Plan, ¶ 10.01.

On July 28, 2017, Viper and the United States Trustee entered into a stipulated order

resolving the United States Trustee's motion to convert Viper's Chapter 11 case, or, alternatively

to dismiss Viper's Chapter 11 case. *See* Stipulated Order on United States Trustee's Motion to

Convert Case to Chapter 7, or in the Alternative Motion to Dismiss ("Stipulated Order") –

Chapter 11 Case, Docket No. 260. The Stipulated Order provided for automatic dismissal

following a 10-day notice of default and opportunity to cure, if Viper did not file delinquent post-petition quarterly reports, pay quarterly fees, or file a motion for final decree and to close the case by August 15, 2017. Stipulated Order, pp. 1 – 2. Viper failed to comply with the terms of the Stipulated Order, and, after the expiration of the cure period following the notice of default, the United States Trustee submitted the Order of Dismissal, which the Court entered on September 26, 2017. *See* Chapter 11 Case – Docket Nos 262 and 263.

Viper filed this adversary proceeding on February 2, 2017 asserting preferential transfer claims against FFBL under 11 U.S.C. § 547. Viper and FFBL filed cross-motions for summary judgment in June of 2017. *See* Docket Nos. 14 and 18. The cross-motions for summary judgment remain pending.

DISCUSSION

A. *Jurisdiction*

Section 1334 of Title 28 confers original and exclusive jurisdiction on the district courts of all cases under Title 11, and "original, but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a) and (b). In turn, 28 U.S.C. § 157(a) authorizes the district court to refer to the bankruptcy court "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). The statute then bifurcates the matters the district court may refer to the bankruptcy courts into two categories: "core" proceedings, and "non-core" proceedings. *Executive Benefits Ins. Agency v. Arkison,* 134 S.Ct. 2165, 2171, 189 L.Ed.2d 83 (2014). Section 157(b)(2) of Title 28 enumerates a non-exhaustive list of "core" proceedings.

*See* 28 U.S.C. § 157(b)(2).[2] "In general, '[c]ore proceedings are proceedings which have no existence outside of bankruptcy.'" *Johnson,* 575 F.3d at 1082 (quoting *Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir. 1990) (per curiam) (citation omitted)).

An action seeking to recover a preferential transfer under 11 U.S.C. § 547, such as the one asserted by Viper in this adversary proceeding, is a "core" proceeding. *See* 28 U.S.C. § 157(b)(2)(F) ("Core proceedings include . . . proceedings to determine, avoid, or recover preferences."). This Court has jurisdiction over this adversary proceeding and may "hear and determine" the claim and enter an appropriate judgment, subject to appellate review. 28 U.S.C. § 157(b)(1). The Court will first address whether dismissal of the related Chapter 11 bankruptcy case affects the Court's continuing jurisdiction over this core proceeding.

In *Johnson,* the Tenth Circuit examined whether dismissal of the debtors' underlying Chapter 13 bankruptcy case divested the bankruptcy court of jurisdiction over the debtors' adversary proceeding seeking sanctions for willful violation of the automatic stay. *Johnson,* 575 F.3d at 1082. The *Johnson* court first characterized the action seeking sanctions under 11 U.S.C. § 362(k)(1) as a "core" proceeding. *See Johnson,* 575 F.3d at 1083 ("A § 362(k)(1) proceeding therefore is a core proceeding because it 'derive[s] directly from the Bankruptcy Code and can be brought only in the context of a bankruptcy case.'") (quoting *MBNA Am. Bank, N.A. v. Hill,* 436 F.3d 104, 109 (2d Cir. 2006)). It then acknowledged cases holding that dismissal of an underlying bankruptcy case ordinarily results in dismissal of the related adversary proceeding, but pointed out that those cases involved non-core, rather than core matters. *Id.*[3] As for core

---

[2] *See also, Arkison,* 134 S.Ct. at 2171 ("For core proceedings, the statute contains a nonexhaustive list of examples . . ."); *In re Johnson,* 575 F.3d 1079, 1082 (10th Cir. 2009) ("Some types of core proceedings are listed in 28 U.S.C. § 157(b)(2), but the list is not exclusive.").

[3] *See also, Fidelity & Deposit Co. of Md. v. Morris (In re Morris),* 950 F.2d 1531, 1534 (11th Cir. 1992) (stating that "dismissal of a bankruptcy case normally results in the dismissal of related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings . . . . [N]otwithstanding the general rule, nothing in the statute governing jurisdiction granted to the bankruptcy courts

matters, the *Johnson* court cited *Honigman, Miller Schwartz and Cohn, L.L.P. v. Adell (In re John Richards Homes Bldg. Co.),* 405 B.R. 192 (E.D. Mich. 2009), which stated that "'there is much support for the proposition that bankruptcy courts retain jurisdiction over core proceedings beyond the dismissal or closure of the underlying bankruptcy case.'" *Johnson,* 575 F.3d at 1083 (quoting *John Richards,* 405 B.R. at 210). The *Johnson* court ultimately concluded that the bankruptcy court retains post-dismissal jurisdiction over actions asserting stay violations, reasoning, "their purpose is not negated by dismissal of the underlying bankruptcy case." *Id.*

Other courts seem to suggest that dismissal of a related Chapter 11 bankruptcy case *requires* dismissal of adversary proceedings asserting "core" matters. *See, e.g., In re Davison, III,* 186 B.R. 741, 742 (Bankr. N.D. Fla. 1995) ("[T]he law does not permit the use of discretion when an adversary proceeding depends upon the bankruptcy case for its existence."); *Pauley v. Bank One Co. Corp.,* 205 B.R. 272, 274 and 275 (D. Colo. 1997) ( "[F]or adversary proceedings that are 'related to' the underlying bankruptcy case, jurisdiction is not automatically stripped" but "[t]he law does not allow the use of discretion when an adversary proceeding depends upon the bankruptcy case for its existence.") (citations omitted); *In re Christensen,* 2012 WL 603708, *11 (9th Cir. BAP Feb. 2, 2012) (unpublished) ("While the court sometimes has discretion to retain jurisdiction over some adversary proceedings . . . there are other times when the case dismissal leaves the bankruptcy court with no basis for exercising its discretion to retain jurisdiction.") (citations omitted).[4] The *Davison* court found that "a preference action is a type of

---

prohibits the continuance of federal jurisdiction over an adversary proceeding which arose in or was related to a bankruptcy case following dismissal of the underlying bankruptcy case.") (citations omitted); *Clift v. Gustafson (In re Gustafson),* 316 B.R. 753, 756 (Bankr. S.D. Ga. 2004) ("Ordinarily, the dismissal of a bankruptcy case will result in the dismissal of all pending adversary proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings.").

[4] *Cf. Gustafson,* 316 B.R. at 756 – 758 (dismissing debtor's preference and fraudulent transfer claims following dismissal of debtor's underlying bankruptcy case, but applying the discretionary factors used to consider whether to retain jurisdiction).

action brought within the context of a bankruptcy case," and, therefore, concluded that such an action "must similarly disappear with the dismissal of the underlying bankruptcy case." *Davison,* 186 B.R. at 742. These cases are not controlling in this District. The Court is bound by the Tenth Circuit's *Johnson* decision and agrees with its reasoning.

In *Johnson,* the Tenth Circuit concluded that the bankruptcy court retained jurisdiction over the Johnsons' core proceeding asserting damages for alleged violations of the automatic stay. It found that result "particularly appropriate" because the purpose of a proceeding seeking damages for violating the automatic stay is "to vindicate the authority of the statutory stay," a purpose that "is not negated by the dismissal of the underlying bankruptcy case." *Johnson,* 575 F.3d at 1083. The purpose served by retaining jurisdiction over an action seeking to recover damages for violation of the automatic stay is different from the "core" proceeding asserted in this adversary proceeding seeking to avoid a preferential transfer. Even so, under *Johnson,* dismissal of the underlying bankruptcy case does not automatically divest the bankruptcy court's jurisdiction over adversary proceedings asserting core matters.[5] Here, dismissal of Viper's Chapter 11 case did not divest this Court of its jurisdiction to hear and determine this core proceeding.

B. *Effect of Dismissal*

Having determined that the Court retains jurisdiction over this adversary proceeding following dismissal of the underlying Chapter 11 case, the Court will consider whether dismissal nevertheless moots Viper's preference claim. Section 349 of the Bankruptcy Code governs the

---

[5] For non-core proceedings, the case law directs the Court to use its discretion to determine whether to retain jurisdiction over related adversary proceedings following dismissal of the underlying bankruptcy case, taking the following factors into consideration "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved." *Morris,* 950 F.2d at 1535 (citing *Smith v. Commercial Banking Corp. (In re Smith),* 866 F.2d 576, 580 (3d Cir. 1989)).

effect of the dismissal of a bankruptcy case.  It applies to all chapters,[6] and provides, in relevant part:

> *Unless the court, for cause, orders otherwise*, a dismissal of a case other than under section 742 of this title –
>> (1) reinstates—
>>> . . .
>>> (B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, ore preserved under section 510(c)(2), 522(i)(2), or 551 of this title;
>>> . . .
>> (2) vacates any order, judgment, or transfer ordered, under section 522(i)(I), 542, 550, or 553 of this title; and
>>
>> (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11 U.S.C. § 349(b)(1)(B) (emphasis added).

The basic purpose of § 349(b) "is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." H.R. No. 95-595, 95th Cong., 1st Sess. 338 (1977) S.R. No. 95-989, 95th Cong. 2d Sess. 48 (1978) U.S. Code Cong. & Admin. News, p. 5787.  *See also, Derrick v. Richard L. Grafe Commodities, Inc. (In re Derrick),* 190 B.R. 346, 350 (Bankr. W.D. Wis. 1995) (observing that "[t]he general idea behind § 349 is that the dismissal of a bankruptcy case should re-establish the rights of the parties as they existed when the petition was filed.") (citation omitted).  *Cf. Czyzewski v. Jevic Holding Corp.,* 137 S.Ct. 973, 979, 197 L.Ed.2d 389 (2017) (observing that, under § 349(b)(3), dismissal "aims to return to the prepetition financial status quo.").

Viper points out that its confirmed Chapter 11 plan contemplated that Viper would pursue preferential transfer actions post-confirmation, vested this preference action in Viper as of the Plan's effective date, and expressly retained jurisdiction for this Court to hear and determine

---

[6] *See* 11 U.S.C. § 103(a) ("chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title").

pending adversary proceedings after confirmation. Viper further points out that dismissal does not vacate the Confirmation Order, and that, because all property, including causes of action, vested in Viper on the effective date, there is no property of the estate to "revest" upon dismissal under § 349(b)(3). By including those provisions in the Plan and Confirmation Order, Viper contends that the Court has, in effect, "ordered otherwise" per § 349(b).[7] This Court disagrees.

There has been no determination of "cause" pursuant to 11 U.S.C. § 349(b)(1) in the Plan or Confirmation Order. Even though by operation of law the Confirmation Order and confirmed Plan remain binding post-dismissal,[8] and the plan provides for post-confirmation retention of jurisdiction and revesting property of the estate in Viper, including causes of action for recovery of preferences, that does constitute a finding of "cause" under 11 U.S.C. § 349(b)(1) to reinstate avoided transfers. Nothing in the Plan or Confirmation Order contemplates what will happen to pending adversary proceedings upon dismissal of the Chapter 11 case post-confirmation.

Dismissal of Viper's Chapter 11 case will moot this adversary proceeding to recover alleged preferential transfers unless the Court were to find cause under § 349(b)(1). Viper could not be awarded effective relief in this adversary proceeding if any avoided transfer would simply be reinstated by operation of 11 U.S.C. § 349(b)(1)(B).

---

[7] *See Czyzewski,* 137 S.Ct. at 979 (stating that "the Code permits the bankruptcy court, 'for cause,' to alter a Chapter 11 dismissal's ordinary restorative consequences."); *Morris,* 950 F.2d at 1535 (Section "349 gives the bankruptcy court the power to alter the normal effects of the dismissal of a bankruptcy case if cause is shown.") (citation omitted).

[8] *See In re Depew,* 115 B.R. 965, 967 (Bankr. N.D. Ill 1989) (stating that "[t]he post-confirmation dismissal of a Chapter 11 does not affect the finality of the confirmation order or the discharge that goes with it.") (citations omitted); *United States v. Ramirez,* 291 B.R. 386, 392 (N.D. Tex. 2002) ("[T]he confirmed Chapter 11 plan survives the dismissal of the Chapter 11 case and continues to bind the creditors and debtor."); *In re Lopez Dev., Inc.,* 154 B.R. 607, 610 n.3 (Bankr. S.D. Fla. 1993) ("[T]he order dismissing the case had no effect . . . on the confirmation order which remains in full force and effect.") (citing *Depew,* 115 B.R. 965).

-8-

CONCLUSION

Absent a finding of "cause," application of 11 U.S.C. § 349(b)(1) following the dismissal of Viper's Chapter 11 case moots this adversary proceeding. However, it is not appropriate for the Court to dismiss this adversary proceeding *sua sponte* because dismissal of the related Chapter 11 bankruptcy case does not divest the Court of its jurisdiction over this core proceeding. If a party files a motion seeking relief, the Court will rule on the motion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket:   November 15, 2017

COPY TO:

William F. Davis
Nephi D. Hardman
Attorneys for Viper Services LLC
6709 Academy Rd. NE, Suite A
Albuquerque, NM 87109

Chris W. Pierce
Attorney for Fora Financial Business Loans, LLC
2632 Mesilla St. NE
Albuquerque, NM 871s10

-9-