UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:  VIPER SERVICES, LLC,                               No. 15-11259-j11

    Debtor.

---

VIPER SERVICES, LLC,

    Plaintiff,

v.                                                        Adversary No. 17-1010-j

FORA FINANCIAL BUSINESS LOANS, LLC,

    Defendant.

## MEMORANDUM OPINION

The Court previously determined that dismissal of Viper Services, LLC's Chapter 11 bankruptcy case moots Viper Services, LLC's preference action asserted in this adversary proceeding against Fora Financial Business Loans, LLC ("FFBL"), absent a finding of "cause" under 11 U.S.C. § 349. *See* Memorandum Opinion – Docket No. 29. Following the entry of the Court's Memorandum Opinion, FFBL filed a Motion to Dismiss Adversary Proceeding ("FFBL's Motion to Dismiss"), asserting that this adversary proceeding must be dismissed as moot. *See* Docket No. 30. Viper Services, LLC ("Viper") opposes the Motion to Dismiss. *See* Docket No. 33.[1] Viper then filed its own motion, seeking to exclude this adversary proceeding from the effects of 11 U.S.C. § 349. *See* Motion Pursuant to 11 U.S.C. § 349(b) to Exclude from Effects of Dismissal the Reinstatement of Avoided Transfers ("Viper's § 349(b) Motion") – Docket No. 31. FFBL filed an objection to Viper's § 349(b) Motion and a reply in support of FFBL's Motion to Dismiss. *See* Docket Nos. 33 and 34. The Court concludes that Viper has not

---

[1] FFBL also filed a reply. *See* Docket No. 34.

demonstrated "cause" sufficient to avoid the effect of dismissal under 11 U.S.C. § 349. Accordingly, the Court will grant the Motion to Dismiss and deny Viper's § 349(b) Motion.

DISCUSSION

Viper filed this adversary proceeding on February 2, 2017, asserting preferential transfer claims against FFBL under 11 U.S.C. § 547. Viper's confirmed Chapter 11 plan contemplated that the Court would retain jurisdiction to hear all adversary proceedings "still pending and not dismissed or which are hereinafter filed to determine disputed matters not disposed of by the Plan, but which relate to the Plan." Order Confirming Debtor's Amended Plan of Reorganization Dated February 29, 2016 ("Confirmation Order"), ¶ J.g. – Case No. 15-11259-j11 ("Chapter 11 Case"), Docket No. 230. The plan also vested all property of the estate in the reorganized debtor, "including causes of action for recovery of preferences," as of the plan's effective date. *See* Debtor's Amended Plan of Reorganization dated February 29, 2016 ("Plan"), ¶¶ 8.02 and 9.01 – Chapter 11 Case, Docket No. 180.

The confirmed plan provided for payment of approximately $420,000 of bank loans over a ten year period, and approximately $100,000 of tax debt over a period of five years from commencement of the bankruptcy case. The confirmed plan also provided for payment of approximately 10%, without interest, of approximately $590,000 of non-priority unsecured claims over a five year period. *See* Amended Plan and Amended Disclosure Statement – Chapter 11 Case, Docket Nos. Docket Nos. 180 and 181.

On May 22, 2017, the United States Trustee filed a motion to convert or dismiss the chapter 11 case, alleging that Viper had failed to file four required quarterly post-confirmation reports or to pay post-confirmation United States Trustee fees. *See* Chapter 11 Case, Docket No. 250. On July 28, 2017, Viper stipulated to an order (the "Stipulated Order") providing that if it

did not file the four quarterly reports by August 8, 2017 the chapter 11 case would be dismissed. *See* Chapter 11 Case, Docket No. 260. On September 6, 2017 the United States Trustee filed a notice that Viper did not file any of the delinquent quarterly reports by August 8, 2017 and still had not filed any of the reports as of the filing of the notice. *See* Chapter 11 Case, Docket No. 252. Viper did not file any of the required post-confirmation quarterly reports. *See* Chapter 11 Case Docket.

Viper's Chapter 11 case was dismissed on September 26, 2017, due to its failure to file post-petition quarterly reports and failure to pay quarterly fees as required under the Stipulated Order. *See* Chapter 11 Case, Order of Dismissal – Chapter 11 Case, Docket No. 263.

Section 349 of the Bankruptcy Code governs the effect of the dismissal of a bankruptcy case. Its basic purpose "is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." H.R. No. 95-595, 95th Cong., 1st Sess. 338 (1977) S.Rep. No. 989, 95th Cong. 2d Sess. 48 (1978) U.S. Code Cong. & Admin. News, p. 5787. *See also Derrick v. Richard L. Grafe Commodities, Inc., (In re Derrick)*, 190 B.R. 346, 350 (Bankr. W.D. Wis. 1995) ("The general idea behind § 349 is that the dismissal of a bankruptcy case should re-establish the rights of the parties as they existed when the petition was filed.") (citation omitted). Section 349 applies to all chapters,[2] and provides, in relevant part:

> *Unless the court, for cause, orders otherwise*, a dismissal of a case other than under section 742 of this title –
>     (1) reinstates—
>         . . .
>         (B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title;
>         . . .

---

[2] *See* 11 U.S.C. § 103(a) ("chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title").

-3-

> (2) vacates any order, judgment, or transfer ordered, under section 522(i)(I), 542, 550, or 553 of this title; and
>
> (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11 U.S.C. § 349(b)(1)(B), (b)(2) and (b)(3) (emphasis added).

Thus, 11 U.S.C. § 349 "permits the bankruptcy court, 'for cause,' to alter a Chapter 11 dismissal's ordinary restorative consequences." *Czyzewski v. Jevic Holding Corp.*, 137 S.Ct. 973, 979, 197 L.Ed.2d 389 (2017). *See also, Fidelity & Deposit Co. of Md. v. Morris (In re Morris)*, 950 F.2d 1531, 1535 (11th Cir. 1992) (Section "349 gives the bankruptcy court the power to alter the normal effects of the dismissal of a bankruptcy case if cause is shown.") (citations omitted).

The Bankruptcy Code does not itself define "cause" for purposes of 11 U.S.C. § 349(b). *See In re Darden*, 474 B.R. 1, 12 (Bankr. D. Mass. 2012) ("The Bankruptcy Code does not define 'cause,' leaving it to the bankruptcy courts to fashion equitable dispositions different from those that, unless the court 'orders otherwise,' would be dictated by § 349(b)."). One circuit court has defined "cause" under 11 U.S.C. § 349(b) to mean "an acceptable reason." *In re Sadler,* 935 F.2d 918, 921 (7th Cir. 1991) ("'Cause' under § 349(b) means an acceptable reason.").

The case, *Professional Success,* provides an example of sufficient "cause" under 11 U.S.C. § 349(b) to preserve recovery of a preferential transfer notwithstanding dismissal of the underlying bankruptcy case. *Wendel v. Gordon Associates Advertising Public Relations, Inc. (In re Professional Success Seminars Int'l, Inc.)*, 22 B.R. 554 (Bankr. S.D. Fla. 1982). In that case, the corporate debtor filed a voluntary Chapter 7 petition, and the Chapter 7 trustee successfully recovered a preferential transfer under 11 U.S.C. § 547. The debtor then obtained a voluntary dismissal of the Chapter 7 case because its corporate directors had not authorized the bankruptcy

-4-

filing.  The debtor's creditors filed a second, involuntary bankruptcy case shortly after the dismissal of the voluntary case.  However, the preference recovered in the dismissed chapter 7 case fell outside the 90-day preference period triggered by the filing of the involuntary petition.  The bankruptcy court concluded that sufficient cause existed to preserve the recovered preferential transfer notwithstanding the dismissal of the first chapter 7 case, finding that the petitioning creditors reasonably relied on the filing of the debtor's voluntary petition, and that the interest of justice justified the preservation of the recovered preference.  *See Professional Success,* 22 B.R. at 556.

Here, Viper asserts that "cause" exists for the Court to "order otherwise" and avoid the effects of dismissal under 11 U.S.C. § 349 for the following reasons:  1) it would be inequitable to deprive Viper of its preference action at the same time that it remains bound by the obligations under the confirmed plan;  2) undoing the preference action would require an impracticable "double reversion" inconsistent with dismissal; and 3) because the cause of action vested in Viper upon confirmation, dismissal of the underlying bankruptcy case does not require dismissal of this adversary proceeding.  None of these arguments provides an acceptable reason sufficient to constitute "cause" under 11 U.S.C. § 359(b).

> *Inequity of Depriving Viper of its Preference Action while Viper Remains Bound to the terms of its Confirmed Plan*

Viper's preference action is based on 11 U.S.C. § 547 and exists solely because Viper filed a voluntary petition for bankruptcy. Viper could not pursue a similar cause of action against FFBL outside of bankruptcy. The confirmed plan contemplated that Viper would retain and pursue this preferential transfer action.  But the plan also contemplated that Viper would file post-confirmation quarterly reports until its chapter 11 case was closed.  It failed to do so.

Viper complains that it would be inequitable to bind it to the plan after case dismissal while depriving it of the ability to pursue a $37,000 preferential transfer claim to help fund the plan. Under the plan, Viper relieved itself of the obligation to pay over $530,000 to holders of about $590,000 in non-priority unsecured claims, and took advantage of other Bankruptcy Code powers to restructure a significant amount of its other debt. But rather than file the required post-confirmation quarterly reports and pay the quarterly United States trustee's fees, Viper allowed its bankruptcy case to be dismissed.

If Viper wished to preserve its preferential transfer claim, it should have filed the post-confirmation quarterly reports, or stipulated to conversion of the chapter 11 case to chapter 7, rather than dismissal. The Court disagrees with Viper's assertion that it would be inequitable to dismiss its preferential transfer claim while "binding" Viper to the plan (that is, allowing Viper to retain the substantial benefits it obtained under the plan without enforcing its post-confirmation obligations as a result of Viper's actions that precipitated dismissal of the bankruptcy case). Viper was given ample time to file the reports late, yet it chose not to do so. In short, Viper's own actions caused the dismissal of the bankruptcy case. It is, therefore, not inequitable to apply the dismissal provisions of 11 U.S.C. § 349 notwithstanding the binding nature of the confirmed plan.

*Impracticability of the "Double Reversion"*

Viper contends that the reinstatement of this preference action by operation of 11 U.S.C. § 349(b) would require an impracticable "double reversion," first returning the cause of action that vested in Viper upon confirmation back to the bankruptcy estate, and second, reinstating the potential avoided preferential transfers to FFBL. While crediting counsel for a creative argument, the Court disagrees.

-6-

Section 349(b) provides, in part, that unless the Court orders otherwise for cause, dismissal of the bankruptcy case "vacates any order, judgment, or transfer ordered, under section 522(i)(I), 542, 550, or 553 of this title." 11 U.S.C. § 349(b)(2). The effect of this provision would be to vacate any order entered pursuant to 11 U.S.C. § 550 avoiding a preferential transfer or granting a money judgment on a preferential transfer claim.[3] This adversary proceeding has yet to result in a judgment in favor of Viper avoiding the alleged preferential transfer. There is no judgment to vacate; there is only a claim for an alleged preferential transfer to reinstate. Application of 11 U.S.C. § 349 is therefore both simple and practicable. Because Viper's bankruptcy case has been dismissed, 11 U.S.C. § 349 prevents Viper from obtaining any relief in this adversary proceeding. Thus, dismissal of this adversary proceeding is appropriate. It accomplishes the intended effect of 11 U.S.C. § 349 to return the parties to the pre-petition status quo. *Cf. Czyzewski*, 137 S.Ct. at 979 (observing that under § 349(b)(3), dismissal "aims to return to the petition financial status quo.").

*Vesting the Preference Action on Confirmation*

Finally, Viper attempts to distinguish cases that dismissed pending preference actions upon dismissal of the underlying bankruptcy case by pointing out that none of those cases involved confirmed plans and a vesting of estate assets in the debtor. *See In re Davison*, 186 B.R. 741 (Bankr. N.D. Fla. 1995) (dismissal of adversary proceeding following dismissal of Chapter 12 case); *Clift v. Gustafson (In re Gustafson)*, 316 B.R. 753, 754 (Bankr. S.D. Ga. 2004) (dismissal of adversary proceeding following dismissal of Chapter 13 case); *In re Christensen*, No. CC-11-1375-MkLaPa., 2012 WL 603708, at *11 (9th Cir. BAP Feb. 2, 2012) (dismissal of

---

[3] Section 550 provides that if a claim under 11 U.S.C. § 547 (a preferential transfer claim) is avoided, the trustee may recover the transferred property or the value of the property. 11 U.S.C. § 550(a). Viper, as debtor in possession, was exercising the rights of a trustee in pursuing the preferential transfer claim against FFBL in this adversary proceeding. *See* 11 U.S.C. § 1107(a).

adversary proceeding following dismissal of chapter 13 case). This Court has already determined that the vesting of this preference action in Viper upon confirmation does not constitute "cause" under 11 U.S.C. § 349(b). *See* Memorandum Opinion, p. 8 (Docket No. 29).

## CONCLUSION

The Court is not persuaded that Viper has demonstrated "cause" sufficient to avoid the effects of 11 U.S.C. § 349(b). "The general idea behind § 349 is that the dismissal of a bankruptcy case should re-establish the rights of the parties as they existed when the petition was filed." *Derrick)*, 190 B.R. at 350 (citation omitted). Here, dismissing this adversary proceeding and precluding Viper from pursuing a preference action—an action that exists only because Viper commenced a bankruptcy case—accomplishes that goal. Viper has not given a good reason to except this preference action from application of the general rule. The Court will, therefore, deny the Viper's § 349(b) Motion and grant the Motion to Dismiss. The Court will enter separate orders consistent with this Memorandum Opinion.

/s/ Robert H. Jacobvitz
_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 13, 2018

COPY TO:

| | |
|---|---|
| Nephi D Hardman | Vincente Aubrey |
| William F. Davis & Assoc., P.C. | The Aubrey Law Firm PC |
| Attorney for Plaintiff | Attorney for Defendant |
| 6709 Academy NE, Suite A | 12 Powder Springs Street, Suite 240 |
| Albuquerque, NM 87109 | Marietta GA 30064 |